IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE

| | |
|---|---|
| JAMIE G. WITT and MARY WITT ) | |
| ) | |
| Plaintiffs, ) | No. 2:12-CV-00089 |
| ) | |
| vs. ) | Judge Sharp |
| ) | |
| FAYE GOAD CLAY, Executrix of the Estate ) | Magistrate Judge Griffin |
| of Ina Joyce Wheeler Goad ) | |
| ) | |
| Defendants. ) | |

## INITIAL CASE MANAGEMENT ORDER

A. JURISDICTION: Pursuant to 28 U.S.C. § 1332, Diversity of Citizenship, this Court has jurisdiction over plaintiffs' claims as the plaintiffs James G. Witt and Mary Witt are citizens and residents of Tennessee and the defendant Faye Goad Clay, as Executrix of the Estate of Ina Joyce Wheeler Goad, is a citizen and resident of Scottsville, Allen County, Kentucky, and plaintiffs allege damages in excess of the requisite amount for Diversity of Citizenship.

B. BRIEF THEORIES OF THE PARTIES:

1) PLAINTIFF: Mr. Witt was horribly injured when the late Mrs. Goad pulled from a convenience store parking lot and crashed into the Witt vehicle. Mrs. Goad committed various acts of negligence and negligence per se causing the crash. Mr. Witt has incurred hundreds of thousands of dollars in medical expenses as a result of the crash and will suffer from long-term consequences as a result of his injuries. Mrs. Witt brings a claim for the loss of consortium of her husband.

2) DEFENDANT: The defendant denies any negligence on the part of Ina Joyce Wheeler Goad and therefore defendant denies liability in this cause and the defendant further denies that the plaintiff was injured as seriously as alleged and further the defendant demands strict proof concerning alleged medical expenses. The defendant further reserves the right to plead and prove further affirmative defenses and including comparative fault which may be ascertained through discovery and/or at trial. The defendant demands a jury to try this cause.

C. ISSUES RESOLVED: Jurisdiction and venue.

D. ISSUES STILL IN DISPUTE: Liability and damages.

E. INITIAL DISCLOSURES: The parties shall exchange initial disclosures pursuant to FED.R.CIV.P. 26(a)(1) on or before December 1, 2012.

F. DISCOVERY: The parties shall complete all written discovery and depose all fact witnesses on or before March 1, 2013. Discovery is not stayed during dispositive motions, unless ordered by the court. No motions concerning discovery are to be filed until after the parties have conferred in good faith. Discovery motions are to be filed in accordance with the practice of the magistrate judge who will resolve any dispute(s).

G. MOTIONS TO AMEND: The parties shall file all Motions to Amend on or before March 15, 2013.

H. DISCLOSURE OF EXPERTS: The plaintiff shall identify and disclose all expert witnesses and expert reports on or before March 1, 2013. The defendant shall identify and

disclose all expert witnesses and reports on or before April 1, 2013. Rebuttal experts, if any, shall be identified and disclosed (along with expert reports) on or before April 15, 2013.

    I.    DEPOSITIONS OF EXPERT WITNESSES: The parties shall depose all expert witnesses on or before June 1, 2013. This deadline also applies to depositions of treating physicians and other medical doctors. The parties may use the depositions of treating physicians or other medical doctors regardless of their availability or may call them in person at trial.

    J.    JOINT MEDIATION REPORT: The parties shall file a joint mediation report on or before April 15, 2013.

    K.    DISPOSITIVE MOTIONS: The parties shall file all dispositive motions on or before May 30, 2013. Responses to dispositive motions shall be filed within twenty-one (21) days after the filing of the motion. Briefs shall not exceed twenty (20) pages. Optional replies may be filed within fourteen (14) days after the filing of the response and shall not exceed five (5) pages.

    L.    ELECTRONIC DISCOVERY. The parties do not anticipate any issues regarding ESI (electronically stored evidence) in this case as this matter involves an automobile accident.

    M.    TRIAL DATE AND ESTIMATED TRIAL TIME: The parties expect the trial to last approximately two days. This action is set for jury trial on Tuesday, October 29, 2013 at 9:00"c₍ 0with the final pretrial conference set for October 7, 2013 at 2:00 p.m. Both set in Cookeville.

    It is so ORDERED.

    *Kevin H. Sharp*
KEVIN H. SHARP
UNITED STATES DISTRICT JUDGE

APPROVED FOR ENTRY:


 /s/John A. Day
John A. Day, BPR #009416
LAW OFFICES OF JOHN DAY, P.C.
5141 Virginia Way, Suite 270
Brentwood, TN 37027
Telephone:     615.742.4880
Facsimile:     615.742.4881
*Attorney for Plaintiff*


 /s/ Joseph B. Klockenkemper, II
Joseph B. Klockenkemper, II, BPR #6957
ORTALE, KELLEY, HERBERT & CRAWFORD
200 Fourth Avenue North, 3rd Floor
Nashville, Tennessee 37219
Telephone:     615.256.9999
Facsimile:     615.726.1494
*Attorney for Defendant*